1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

GEORGE J. AUSTIN,

Plaintiff,

vs.

GEORGETOWN UNIVERSITY, ET AL.,

Defendants.

CASE NO. 19-cv-05631-YGR

**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 19

Plaintiff George J. Austin filed an application for temporary restraining order with equitable relief (Dkt. No. 19) seeking an order restraining defendants Georgetown University, Georgetown University Law Center, and an unnamed photographer, and all persons acting on their behalf, from: (1) moving forward on collection of student loans; and (2) commercial exploitation of Austin without his consent. Austin's underlying complaint alleges claims for appropriation of his likeness for commercial use under California Civil Code section 3344 and invasion of privacy. Plaintiff contends that, because he has been harmed by the school's alleged legal violations, he is entitled to relief from his federal Direct Loan obligations as a "borrower defense" to repayment under 20 U.S.C. § 1087e(h) and 34 C.F.R. § 685.206(c)(2), (3). The Court, having reviewed the application and the pleadings and papers in this matter, and for the reasons stated herein, **DENIES** the application without prejudice.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy,"

that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, a plaintiff must establish four factors: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008). Moreover, the party seeking such relief must show that he has provided notice to the adverse party or its attorney unless the moving party provides:

> (A) specific facts in an affidavit or a verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) [certification] in writing [of] any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65; see also Northern District Local Rules 65-1(b).[1]

Plaintiff has failed to meet the requirements for issuance of a temporary restraining order. First, plaintiff's application suggests that plaintiff has attempted to provide notice to defendants, and that he has submitted supporting affidavits regarding notice and irreparable harm. However, no such affidavits were filed, and the application does not include any factual details regarding notice or irreparable harm. Given that no defendant has appeared, and the docket does not confirm that service of summons has been completed, plaintiff has not established that any defendant is aware of the instant action at all, including the application for a temporary restraining order.

Second, the application does not provide evidence to show that plaintiff is likely to succeed on the merits, nor that success on the merits would entitle him to the relief of forbearance on his student loans. Plaintiff offers no evidence to establish the merits of his claim under California Civil Code section 3344. He has not alleged any claim related to repayment of student loans. Moreover, the regulations he cites would not, on their face, convert a claim for improper use of plaintiff's likeness into a borrower defense to repayment. *See* 34 C.F.R. § 685.206(c)(1) ("For loans first disbursed prior to July 1, 2017, the borrower may assert a borrower defense . . .

---

[1] Plaintiff's application refers to "Local Rule 231" and references the Eastern District of California. Plaintiff is directed to the Local Rules of this District, which may be found online at www.cand.uscourts.gov/rules/civil-local-rules/

.[defined as] any act or omission of the school attended by the student *that relates to the making of the loan for enrollment at the school or the provision of educational services* for which the loan was provided that would give rise to a cause of action against the school under applicable State law, and includes one or both of the following: (i) A defense to repayment of amounts owed to the Secretary on a Direct Loan, in whole or in part; (ii) A claim to recover amounts previously collected by the Secretary on the Direct Loan, in whole or in part.") (emphasis supplied).  Plaintiff has not offered facts or authority to establish that his claims relate to the making of the loan or the provision of educational services.

Finally, plaintiff has not offered evidence to show that he is likely to suffer irreparable harm in the absence of immediate relief.  Plaintiff does not offer facts regarding any present commercial exploitation of plaintiff's image or why such exploitation would result in irreparable harm.  *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("monetary injury is not normally considered irreparable" in the context of a preliminary injunction).

Accordingly, the motion is **DENIED WITHOUT PREJUDICE** based upon the record presently before the Court.

The Court advises plaintiff that the Northern District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  It is available electronically online (*http://cand.uscourts.gov/prosehandbook*) or in hard copy, free of charge, from the Clerk's Office.

The Court also advises plaintiff that assistance is available through the Legal Help Center.  Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance.  The Help Center does not see people on a "drop-in" basis and will not be able to represent parties in their cases.  There is no charge for this service.  To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book

outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email federalprobonoproject@sfbar.org.  The Help Center's website is available at *https://cand.uscourts.gov/legal-help*.

     This terminates Docket No. 19.

**IT IS SO ORDERED.**

Dated: March 3, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**